### In re MJ METAL PRODUCTS, INC., Debtor.

#### No. 01–10463.

United States Bankruptcy Court, D. Wyoming.

Jan. 29, 2003.

---

James R. Bell, Casper, WY, Douglas W. Brown, Harvey Kramer, Brown, Berardini & Dunning PC, Denver, CO, for Mayflower Capital Company.

Donald E. Chavez, Denver, CO, for National Labor Relations Board—Region 27.

Michele R. Hankins, Assistant U.S. Trustee, Cheyenne, WY, for United States Trustee.

Richard L. Harden, Casper, WY, for Alicia Hickson.

Nicholas Vassallo, Cheyenne, WY, for Internal Revenue Service.

Weinstein, Treiger & Riley, P.S., Seattle, WA, for B–Yond LLC.

Stephen R. Winship, Casper, WY, for MJ Metal Products, Inc.

## ORDER ON CONFIRMATION OF CHAPTER 11 PLAN

PETER J. MCNIFF, Bankruptcy Judge.

This case came before the court for hearing January 13, 2003 on confirmation of the debtor's proposed Amended Plan of Reorganization. An objection was brought by Alicia Hickson, an equity security holder in the debtor. An objection filed by a secured creditor, Mayflower Capital Company, was resolved by stipulation with the debtor prior to the hearing.

The court concludes the plan cannot be confirmed because it violates the absolute priority rule, codified in 11 U.S.C. § 1129(b)(2)(B). The facts relevant to this conclusion are:

1. The debtor is a close corporation owned by Mark Johnston and his former spouse, Alicia Hickson. The debtor is engaged in the manufacture of food servicing equipment. According to the approved disclosure statement, the debtor's prepetition liabilities exceed the debtor's assets and there is no evidence before the court to the contrary. The debtor has net equity before consideration of unsecured claims of $30,000;

2. Under the proposed chapter 11 plan, the debtor will pay general unsecured creditors (Class 8) a total of $80,000. The scheduled unsecured claims (of approximately 80 creditors) total approximately $132,000. The scheduled claims do not include monetary amounts for the claims of Kelly Martin, Leslie Newcombe, Brian Johnson, or of the National Labor Relations Board (NLRB);

3. The NLRB filed a timely proof of claim for $48,423, based on a judgment in its favor by the Tenth Circuit Court of Appeals affirming an administrative order, *MJ Metal Products, Inc. v. N.L.R.B.*, 267 F.3d 1059 (10th Cir.2001). The underlying basis of the money judgment was back wages due Kelly Martin, Leslie Newcombe, and Brian Johnson. The claim sets forth the amount of those back wages as $9,319, $11,104, and $28,000, respectively;

4. In the plan, the debtor proposes that all common stock will be cancelled on the effective date of the plan. New stock in the reorganized debtor will be sold to the highest bidder by sealed bids. The right to participate in the bidding is limited to "former shareholder(s)," i.e., Mr. Johnston and Ms. Hickson;

5. The debtor submitted a ballot report, absent the actual ballots, prior to the hearing. The ballots were introduced at

the request of the court. The ballots show that 10 of the voting Class 8 creditors elected to accept the plan, and one, the NLRB, did not. Mr. Newcombe submitted a ballot, but did not state the amount of his claim on the ballot.

The total dollar amount of the Class 8 creditors accepting the plan is $62,727.04. The total dollar amount of the creditor's claim rejecting the plan is $58,503. In other words, 52% of the voting Class 8 creditors accepted the plan without counting Mr. Newcombe's ballot.

## CONCLUSIONS OF LAW

Under 11 U.S.C. § 1129(a), the court is required to confirm a chapter 11 plan if the proposed plan satisfies certain statutory requisites. Among those requirements, each class of claims must either accept the plan, or the treatment of that class must be unimpaired. 11 U.S.C. § 1129(a)(8). In this case, the debtor's plan is not confirmable under § 1129(a)(8). Class 8 is an impaired class of claims because it is not receiving payment in full, and "two-thirds in amount" of the voting creditors did not accept the plan. 11 U.S.C. § 1126(c).

A plan proponent may obtain confirmation of a plan which does not satisfy § 1129(a)(8) if that class of unsecured claims is paid in full (which in this case it is not), or if the plan complies with the absolute priority rule, i.e., no holder of an interest junior to the claims in the class will receive an interest in any property under the plan. 11 U.S.C. § 1129(b)(2)(B)(ii). In this case, the plan proposes that one or the other shareholder will receive stock in the reorganized debtor, in direct violation of the absolute priority rule.

■ The debtor contends, however, that because there is no creditor in Class 8 raising the issue of the absolute priority rule, the court should confirm the plan regardless of whether or not the rule is satisfied. The debtor is wrong. The court has an independent duty to determine whether a plan complies with § 1129. *In re New Midland Plaza Associates,* 247 B.R. 877, 895 (Bankr.S.D.Fla.2000); *In re Bolton,* 188 B.R. 913, 915 (Bankr.D.Vt. 1995).

■ Second, the debtor contends that the NLRB should be precluded from voting the claims of the wage claimants, whose back wages are detailed in the NLRB proof of claim. If the NLRB vote is stricken, the debtor will have the necessary acceptances in Class 8.

The debtor argues the NLRB violates Fed. R. Bankr.P.2019(a). Under Rule 2019(a), an entity representing more than one creditor is required to file a statement detailing the authority of that entity to act on behalf of those creditors. Rule 2019(b) authorizes the court to sanction any entity violating Rule 2019(a) by invalidating a plan rejection, among other things.

In this case, the Tenth Circuit Court of Appeals affirmed a decision in favor of the NLRB, not a judgment in favor of the individual wage earners. The NLRB is the party in interest entitled to enforce the judgment. The debtor has not objected to the NLRB proof of claim, and did not file a motion on proper notice under Rule 2019(b). The debtor's argument is opportunistic and unconvincing.

The debtor also urges the court to include Mr. Newcombe's claim as an acceptance, and to deduct the amount of his "claim" from the NLRB's rejection vote. Regardless of the legal authority for this proposition, such adjustments will not help the debtor. Even by such calculations, only 63% of the voting creditors in Class 8 could be deemed to have accepted the plan.

Last, the debtor contends that the absolute priority rule is satisfied because the provision providing for a sale of the reorganized debtor's stock to the existing shareholders satisfies the new value exception to the rule. The United States Supreme Court has not specifically stated that a new value contribution by equity holders is an exception to the absolute priority rule, although in the case of *Bank of America Nat. Trust and Sav. Ass'n v. 203 North LaSalle St. Partnership,* 526 U.S. 434, 119 S.Ct. 1411, 143 L.Ed.2d 607 (1999), the Court discussed the exception at length.

In *North LaSalle,* the Court found the debtor's proposed plan unconfirmable because the plan vested equity in the reorganized business in the debtor's partners "without extending an opportunity to anyone else either to compete for that equity or to propose a competing reorganization plan." *Id.,* 119 S.Ct. at 1422. The Court also stated that "plans providing junior interest holders with exclusive opportunities free from competition and without benefit of market valuation" violate § 1129(b)(2)(B)(ii). *Id.,* 119 S.Ct. at 1424. In other words, if a new value contribution exists as an exception to the rule, exposure to the market is essential to obtain that new value. The cases cited by the debtor either predate the decision in *North LaSalle* or are not on point.

The plan in this case did not preclude other parties from proposing a plan. However, the plan does provide an exclusive right to the existing shareholders to bid for shares in the reorganized debtor. That exclusivity is, in this court's view, directly contrary to the intent of the Supreme Court in the *North LaSalle* case, and the plan is not confirmable.

Ms. Hickson objects that the plan is not proposed in good faith, but evidence to that effect was notably lacking. She also argues that her shares in the existing company should not be cancelled, and she should not be required to participate in any bidding process. Her argument is directly contrary to the provisions of § 1129 and therefore, must be rejected.

In this case, the debtor retains many options which may result in a confirmable plan. The debtor can expose the sale of reorganized shares to the market, the debtor can attempt to obtain additional accepting votes in Class 8, or the debtor can pay the unsecured creditors in full. Other options are undoubtedly available.

According, IT IS ORDERED that confirmation of the debtor's amended chapter 11 plan is denied; and FURTHER ORDERED that any proposed plan or amended plan shall be filed within 30 days of the date of this order.